[Civ. No. 2608.    Second Appellate District, Division One.—December 26, 1918.]

CHINO LAND & WATER CO. (a Corporation), Respondent, v. C. R. HAMAKER et al., Appellants.

CHINO LAND & WATER CO. (a Corporation), Respondent, v. C. R. HAMAKER et al., Appellants.

CHINO LAND & WATER CO. (a Corporation), Respondent, v. H. L. MOSS et al., Appellants.

CHINO LAND & WATER CO. (a Corporation), Respondent, v. JOHN K. CHALMERS et al., Appellants.

PUBLIC LANDS—RAILROAD LAND GRANTS—"MINERAL" LANDS—PETRO-LEUM AND MINERAL OILS.—Petroleum or mineral oil is within the meaning of the term "mineral" as it was used in the act of Congress approved July 27, 1866, and section 23 of the act of March 3, 1871, granting certain lands in aid of the construction of certain lines of railroad by the Southern Pacific Railroad Company of California, but reserving mineral lands from such grants.

ID.—PATENT.—A patent issued for such lands, even if mineral, is not void but passes the title subject to the right of the government to attack the patent by direct suit for its annulment if the land was known to be mineral when the patent issued.

ID.—COLLATERAL ATTACK.—Upon collateral attack the patent issued for such lands is a conclusive adjudication that the land is agricultural and that all requirements preliminary to the issuance of the patent have been complied with.

APPEALS from judgments of the Superior Court of Orange County, and from orders denying motions for new trials. W. H. Thomas, Judge. Affirmed.

The facts are stated in the opinion of the court.

Kimball Fletcher and Wm. A. Gaines for Appellants.

O'Melveny, Stevens & Millikin and Walter K. Tuller for Respondent.

CONREY, P. J.—It has been stipulated between respondent and appellants, through their respective counsel, that, whereas the records in the above-entitled cases are absolutely identical, except as to description of the property, the several appeals in said actions shall be consolidated and presented upon a single transcript. In each case the defendants have appealed from the judgment and from an order denying their motion for a new trial.

In view of the stipulation, we shall refer to the facts hereafter as if there were only one case. This is an action wherein the plaintiff seeks to quiet its title to certain described lands in the county of Orange. The defendants claim the lands as mining claims under placer mining locations. It may be assumed, as claimed by them, that in their answer they have alleged the facts necessary to sustain their claim, providing the lands in controversy were open to location under the mineral land laws of the United States and those of California in 1911. The plaintiff deraigns title by mesne conveyances from the Southern Pacific Railroad Company of California, to which company a patent had been issued by the United States of America. At the trial the plaintiff introduced in evidence the patent issued by the government to the Railroad Company, including the lands in controversy, which patent was dated April 4, 1879, and on the twelfth day of February, 1881, recorded in the office of the county recorder of the county in which the lands were located. The plaintiff also introduced in evidence a deed from the Southern Pacific Railroad Company and others, including in its description the lands in controversy, conveying to one Franklin Cogswell the lands therein described, "reserving all claim of the United States to the same as mineral land." It was admitted at the trial that the plaintiff had acquired whatever right, title, and interest passed from the United States to the Southern Pacific Railroad Company by the granting act referred to in the patent, and by the said patent and from the Southern Pacific

Railroad Company and others to Franklin Cogswell by said deed. Such were the sole sources of plaintiff's title, except certain evidence offered for the purpose of showing title by adverse possession; but we shall not find it necessary to further discuss the subject of adverse possession in this case. The plaintiff having rested, the defendants requested the court to dismiss the complaint on the ground that the evidence was insufficient to show title in the premises in the plaintiff for the reason that there was no evidence before the court that the land was not mineral land. Said motion having been denied, the defendants offered to prove that all the lands in controversy were mineral lands within the meaning and purview of the granting act mentioned in the patent and within the meaning of said patent, and that the defendants had, in the year 1911, located said lands as mineral lands belonging to the United States and had ever since done upon them the annual assessment work required by law to be done. To this the plaintiff objected on the ground that the issuance of the patent by the United States was a conclusive adjudication that all the land described therein was nonmineral. This objection was sustained by the court. Thereupon the court made its findings and entered its decree in favor of the plaintiff.

The patent shows that it was based upon proceedings had under the provisions of certain railroad land grant legislation; referring to the act of Congress approved July 27, 1866, and joint resolution of June 28, 1870, and the twenty-third section of an act of March 3, 1871, whereby the Southern Pacific Railroad Company of California was authorized to construct certain lines of railroad, and provision was made for granting to said company certain alternate sections of public land on each side of the line of railroad. The patent purports to grant to the grantees the tracts of land therein described, "mineral land excepted."

Every question necessary to a determination of this case has been answered by the decision of the supreme court of the United States in the case of *Burke* v. *Southern Pacific R. R. Co.*, 234 U. S. 669, [58 L. Ed. 1527, 1556, 34 Sup. Ct. Rep. 907]. Without indulging in the extensive quotations which would be necessary to a full statement of that case, we will briefly make its application to the case at bar. Petroleum or mineral oil is within the meaning of the term "mineral," as it was used in said act of Congress reserving mineral lands

from the railroad land grants. If, for the reasons claimed, the patent was irregularly issued, it was nevertheless the act of a legally constituted tribunal and was done within its jurisdiction. Therefore the patent is not void, and it passed the title, subject to the right of the government to attack the patent by direct suit for its annulment, if the land was known to be mineral when the patent issued. The reservation and exception contained in the grant in the patent to the Southern Pacific Railroad Company excepting mineral lands is a void exception. The patent upon collateral attack is a conclusive and official declaration that the land is agricultural, and that all the requirements preliminary to the issuance of the patent have been complied with. The fact that appellants were not in privity with the government in any respect at the time when the patent was issued to the Railroad Company, prevents them from successfully attacking the patent in this case.

In *Van Ness* v. *Rooney*, 160 Cal. 131, at page 142, [116 Pac. 392], the court was dealing with the validity of a patent to a railroad company of similar character to the patent here in question, but the plaintiff in that case had made a valid mining location and initiated his title to his mining claim before the patent was issued to the railroad company. While sustaining the plaintiff's right as superior to that claimed under the patent, the court clearly held, in accord with earlier decisions there cited, that as to junior claimants the patent to such land as nonmineral land is conclusive.

The several judgments appealed from herein are affirmed, and in each case the order denying defendants' motion for a new trial is also affirmed.

James, J., and Myers, J., *pro tem.,* concurred.